In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00368-CR
_____

**CASSIE LANELL ARNOLD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 16-26062**

**MEMORANDUM OPINION**

Cassie Lanell Arnold appeals her conviction of possession of a controlled substance of more than one gram but less than four grams, a third degree felony following the revocation of her deferred adjudication. *See* Tex. Health & Safety Code § 481.115(a), (c) (West 2017). The attorney appointed to represent Arnold in her appeal filed an *Anders* brief, which asserted that the attorney reviewed the trial proceedings, indictment, pleadings, deferred adjudication order, revocation

proceeding, and all other matters in the record, and found no meritorious claims on which he could argue Arnold's conviction should be reversed. We have reviewed the record and agree with Arnold's counsel that no arguable issues exist to support an appeal. *See Anders v. California*, 386 U.S. 738, 744–45 (1967); *High v. State*, 573 S.W.2d 807, 810–13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974).

**Background**

Arnold was charged by indictment of possession of a controlled substance of more than one gram but less than four grams, a third degree felony. *See* Tex. Health & Safety Code § 481.115(a), (c). Arnold pled guilty to the offense, and was placed on deferred adjudication for a period of five years. Subsequently, the State filed a motion to revoke Arnold's deferred adjudication claiming that she had violated the terms of her deferred adjudication. On August 24, 2017, the trial court held a hearing on the motion to revoke. During the hearing, Arnold pled "true" to violating one of the terms of her deferred adjudication. The trial court granted the motion to revoke probation, and sentenced her to serve two years in prison.

Appellate counsel sent a letter to Arnold regarding the *Anders* brief filed on her behalf and advising her of her right to file a *pro se* brief and enclosing copies of

2

the clerk's record and reporter's record. Arnold did not file a *pro se* brief in response.

## Standard of Review/Analysis

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that an appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). When faced with an *Anders* brief, the appellate courts may determine either (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[,]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

After our independent examination of the record in its entirety, we agree that there is no reversible error and there are no arguable issues to support an appeal. *Id.* Accordingly, there is no need to appoint new counsel to re-brief Arnold's appeal. *See Stafford*, 813 S.W.2d at 511 (requiring court appointment of other counsel only if it is determined arguable grounds exist to support the appeal).

## Conclusion

As no arguable grounds exist to support the appeal, the trial court's judgment is affirmed.[1]

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 16, 2018
Opinion Delivered May 23, 2018
Do Not Publish

Before McKeithen, C.J., Kreger, and Johnson, JJ.

---

[1] Arnold may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.